IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY HYSHAW, #181 143, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:17-CV-516-MHT |
| | ) | [WO] |
| LIEUTENANT WHITLY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a prison inmate, filed this complaint on August 1, 2017. On September 7, 2017, the court directed Defendants to file an answer and written report addressing Plaintiff's claims for relief. In compliance with the court's order, Defendants submitted an answer and written report on November 20, 2017, which contained relevant evidentiary materials refuting the allegations in the complaint. Doc. 16. Upon review of this report, the court issued an order directing Plaintiff to file a response to Defendants' answer and written report. Doc. 17. The order advised Plaintiff that his failure to respond to the report would be treated by the court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." Doc. 17 at 1. The order "specifically cautioned [Plaintiff] that [his failure] to file a response in compliance with the directives of this order" would result in the dismissal of this civil action. Doc. 17 at 1.

The time allotted to Plaintiff for filing a response in compliance with the directives of the court's November 20, 2017 order, as extended (*see* Docs. 20, 25 & 27), expired on May 17, 2018.[1]

---

[1] The court's April 20, 2018, informed Plaintiff that "[a]bsent exceptional circumstances, no further requests for additional time to respond to Defendants' answer and special report" would be granted. *See* Doc. 27.

As of the present date, Plaintiff has failed to file a response in opposition to Defendants' written report.  The court, therefore, concludes that this case should be dismissed.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate, but concludes that dismissal is the proper course of action.  Plaintiff is an indigent individual.  The imposition of monetary or other punitive sanctions against him would be ineffectual.  Plaintiff's inaction in the face of Defendants' report and evidentiary materials refuting the claims raised suggests he does not seek to proceed with this case.  It, therefore, appears that any additional effort by this court to secure his compliance would be unavailing.  Consequently, the court concludes that Plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice.

It is further ORDERED that **on or before September 13, 2018**, the parties may file objections to this Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of

factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

      DONE on this 30th day of August, 2018.

/s/ Gray M. Borden
_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE